72 F.3d 920
 315 U.S.App.D.C. 281
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Desi L. GREEN, Appellant.
 Nos. 91-3242, 95-3010.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 22, 1995.
 
 Before BUCKLEY, GINSBURG, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition does not warrant an opinion. See D.C.Cir.R. 36(b). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the conviction from which these appeals have been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 Attachment
 MEMORANDUM
 
 4
 Desi L. Green appeals his conviction of distributing one kilogram or more of phencyclidine ("PCP") in violation of 21 U.S.C. Secs. 841(b)(a)(1) and (b)(1)(A)(iv). He contends that the district court committed reversible error by giving the jury a coercive anti-deadlock charge that departed from the charge mandated by this court in United States v. Thomas, 449 F.2d 1177 (D.C.Cir.1971) (en banc ). In Thomas, we exercised our supervisory power over the administration of the law in this circuit and established a standard charge to be used by the district courts in the event of a jury deadlock. Id. at 1187. There we adopted the ABA approved instruction "as the vehicle for informing jurors of their responsibilities in situations wherein judges decide to [give an anti-deadlock charge]." Id. The charge given by the district court in this case materially departed from the one mandated by Thomas. Because Green failed to object to the charge, however, we review it only for plain error. See Fed.R.Crim.P. 52(b).
 
 
 5
 The government concedes, as it must, that in light of Thomas, the charge given by the district court was error. The remaining issue before us, then, is whether the error affected "a substantial right" resulting in a "miscarriage of justice." See United States v. Lancaster, 968 F.2d 1250, 1254 (D.C.Cir.1992). An anti-deadlock charge affects a substantial right resulting in a miscarriage of justice where it results in actual coercion and there is a substantial probability that but for the court's erroneous charge the jury would not have returned a unanimous verdict. Cf. Thomas, 449 F.2d at 1184 (conviction cannot stand where substantial probability of prejudice exists); United States v. Spann, 997 F.2d 1513, 1518 (D.C.Cir.1993) ("[P]lain error affecting a substantial right so that a miscarriage of justice would otherwise result ... requires, at a minimum, a high probability that the judge's conduct adversely affected the defendant.") (internal quotation marks and citations omitted).
 
 
 6
 In determining whether the charge here resulted in actual coercion, our attention is drawn to a virtually identical charge given by the district court in United States v. Spann, which we found to be "entirely unobjectionable." 997 F.2d at 1518. Indeed, the one material difference in the charge given here is its final sentence: "You don't want anything to impair your ability to reach a total and unanimous decision." Although we find this statement potentially coercive, after carefully considering the facts and circumstances of this case--including the fact that after receiving the charge, the jury remained deadlocked during the balance of the day, had an overnight recess, and returned for further deliberations the following morning before returning a verdict--we conclude that the charge did not result in actual coercion. We find it unlikely that the jury would not have returned a unanimous verdict but for the final sentence of the charge.
 
 
 7
 Green also appeals the district court's denial of his motion to vacate his conviction pursuant to 28 U.S.C. Sec. 2255, in which he alleged ineffective assistance of counsel. To establish such a claim, a defendant must demonstrate that "counsel's performance was deficient" and that the "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1983). We find no merit in Green's assertion that trial counsel was deficient for failing to object to (a) evidence relating to an earlier drug sale, (b) statements admitted under the co-conspirator exception to the hearsay rule, (c) the trial court's alleged intrusion into the province of the jury, and (d) the anti-deadlock charge. Only the last of these presents a potential ground for faulting the trial counsel's performance. Because the anti-deadlock charge did not result in actual jury coercion, however, we find that any deficiency here did not prejudice the defense. Cf. Strickland, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Accordingly, the district court did not err in its conclusion that Green had failed to establish ineffective assistance of counsel.